UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARNOLD FERGUSON,<br><br>             Plaintiff,<br><br>      v.<br><br>HANFORD EMPLOYEE WELFARE TRUST, a trust administered in Washington State also known as HEWT; BECHTEL HANFORD INCORPORATED, a Washington Corp.; FLUOR HANFORD INCORPORATED, a Washington Corp.; HARRY LACHER; DOMINIC SANSOTTA; CAROL JOHNSON; BOARD OF TRUSTEES FOR HEWT; and JOHN and JANE DOES (1-50),<br><br>             Defendants. | No. CV-11-5124-EFS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

    On April 24, 2012, a hearing occurred in the above-captioned matter. Plaintiff Arnold Ferguson was present, represented by Victor Ro. Richard Birmingham appeared on behalf of Defendants Hanford Employee Welfare Trust (HEWT), Bechtel Hanford Inc., Fluor Hanford Inc., HEWT Board of Trustees, Harry Lacher, Dominic Sansotta, and Carol Johnson (collectively, "Defendants"). Before the Court were Defendants' Motion for Summary Judgment, ECF No. 22, and Mr. Ferguson's Motion for Partial Summary Judgment or, in the Alternative, to Continue,[1] ECF No.

---

    [1] Although filed as a summary-judgment motion, Mr. Ferguson's

ORDER - 1

[49](#). After reviewing the submitted material and relevant authority and hearing from counsel, the Court is fully informed. This Order supplements and memorializes the Court's oral ruling granting Defendants' motion and denying Mr. Ferguson's motion.

**A.  Facts**[2]

In 1993, U.S. Department of Energy (DOE) contractor Westinghouse Hanford hired Mr. Ferguson to work at the Hanford nuclear facility. In

---

motion does not include argument seeking summary judgment in his favor; rather, he asks the Court to either deny Defendants' motion or to allow discovery to occur before ruling on Defendants' motion.

[2] When creating this factual section, the Court 1) believed the undisputed facts and the non-moving party's evidence, 2) drew all justifiable inferences therefrom in the non-moving party's favor, 3) did not weigh the evidence or assess credibility, and 4) did not accept assertions made by the non-moving party that were flatly contradicted by the record. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *see also* LR 56.1(d) ("In determining any motion for summary judgment, the Court may assume that the facts as claimed by the moving party are admitted to exist without controversy except as and to the extent that such facts are controverted by the record set forth in (b)."). Undisputed facts are not supported with a citation, while disputed facts and quotations are supported with a citation to the record.

ORDER - 2

July 1994, Bechtel Hanford ("Bechtel") took over the federal contract at the Hanford site. As a result, Mr. Ferguson's employment with Westinghouse Hanford ended, and he was hired by Bechtel. As a Bechtel employee, Mr. Ferguson obtained medical and life insurance through HEWT, an Employee Retirement Income Security Act (ERISA) welfare plan[3] and trust, which was solely administered by HEWT's Board of Trustees.[4] The benefit plan in effect during Mr. Ferguson's employment was HEWT's Hanford Employee Welfare Benefit Plans 2004 Plan ("2004 Employee Plan"). ECF No. 42-1. The 2004 Employee Plan offered medical, prescription, vision, and dental plans; life insurance plans; disability plans; flexible spending accounts; and severance pay plans. For eligibility rules and definitions, the 2004 Employee Plan directed participants to the appropriate plan descriptions. *Id*. at 7.

During Mr. Ferguson's employment, the retirement plan in effect was the 2004 HEWT Hanford Retiree Welfare Benefit Plans ("2004 Retiree Plan"). This 2004 Retiree Plan states:

> Basic Life Insurance/AD&D
>
> Retirees under age 65: coverage of up to two times the

---

[3] HEWT is an ERISA welfare plan, not an ERISA pension plan.

[4] The HEWT Board of Trustees "has the exclusive responsibility and full discretionary authority to control the operation and administration of the Plan[] and to make all fiduciary decisions under the Plan[], and it has all power necessary to accomplish such purposes." ECF No. 42-1 at 2.

ORDER - 3

    retirees [sic] base salary rate plus AD&D coverage at the
    time of retirement is available on a shared cost basis.

    Retirees over age 65:  coverage of up to one-half times
    the retiree's base salary for Basic Life at the time of
    retirement is available on an employer-paid basis.

ECF No. 25-1 at 3.  The 2004 Retiree Plan also states, "**An eligible participant must elect life insurance coverage at termination of employment.  If you do not enroll for life insurance when it is available or if you allow it to be discontinued or lapse, you may not again enroll or reinstate the coverage**."  *Id*. at 6 (emphasis in original).

  In 2005, Becthel lost its contract with DOE.  Bechtel initiated an involuntary reduction in force program (ROF); Mr. Ferguson was included in this ROF.  Approximately two weeks before the to-be-laid-off employees' last day of work, Bechtel informed those employess of their ROF benefits and qualification requirements through an ROF information packet.  ECF No. 25-3.  The ROF information packet contained a summary of all benefits available following the ROF, including life insurance and post-retirement insurance.  The packet also included an Involuntary Reduction of Force—Benefits Election form ("ROF form"); this ROF form was only received in the ROF information packet.

  The ROF information packet states:

  If you are at least 55 with a minimum of 10 vesting years on
  your last day of work, and you are enrolled in HEWT-sponsored
  medical and life insurance plans, you are eligible for the
  following:

    ✓ Post-Retirement medical and applicable life
     insurance coverage. However, elections must be made
     immediately, at the time of your layoff, if

ORDER ~ 4

>         alternate coverage is available, and you are not eligible for ROF insurance coverage.
> ✓ If you are eligible for continuing ROF insurance coverage, medical and life insurance benefits under post-retirement insurance plans must be elected no later than 12 months from the date of your layoff. You must have maintained continuous ROF insurance coverage to be eligible for post-retirement insurance.

*Id*. Mr. Ferguson does not dispute that Bechtel provided each to-be-laid-off employee with an ROF information packet; however, Mr. Ferguson does not recall receiving "any documents or notice notifying me of my obligations to elect post-retirement insurance benefits, including the $15,000 life insurance policy and the requirement to opt-in or opt-out into medical insurance for retirement purposes." ECF No. 47 ¶¶ 2 & 3.

On August 23, 2005, Mr. Ferguson participated in an exit interview with HEWT benefits specialist Cynthia Milton, who administered the ROF. During the exit interview, Mr. Ferguson elected to continue medical coverage, Basic Life/Accidental Death and Dismemberment insurance, dependent life insurance, and personal accident insurance. ECF No. 25-4. These elections were memorialized on the ROF form, which Mr. Ferguson brought with him to the exit interview. Both Mr. Ferguson and Ms. Milton signed the form. Mr. Ferguson paid $123.13 by check for three months of the elected benefits coverage. *Id*. Although he was more than fifty-five-years old and had more than ten years of service, Mr. Ferguson contends that Ms. Milton "did not adequately, if at all, discuss or address post-retirement life insurance matters pertaining to the $15,000 life insurance, including but not limited to post-retirement life insurance and medical insurance." ECF No. 44 ¶ 7.

ORDER ~ 5

1    Mr. Ferguson continued to make premium payments to maintain
2 coverage for his elected benefits for approximately seven additional
3 months.  However, less than one year from his termination date, Mr.
4 Ferguson failed to continue to pay his ROF insurance premiums.  On
5 October 26, 2006, a letter was sent to Mr. Ferguson advising him that
6 his "IROF/COBRA continuation coverage under the [HEWT] plan was
7 terminated on August 23, 2006, due to failure to pay the IROF/COBRA
8 premium."  ECF No. 25-5.

9    In 2008, HEWT issued a revised Hanford Retiree Welfare Benefit Plan
10 ("2008 Retiree Plan").  Under the 2008 Retiree Plan, a participant under
11 the age of 65 who elected to retire could receive $15,000.00 of life
12 insurance at no cost to the participant.

13    In April 2009, Mr. Ferguson decided he was ready to elect
14 retirement benefits.  He contacted HEWT to determine the status of his
15 retirement benefits and to request documentation.  HEWT advised Mr.
16 Ferguson that he was not eligible for retirement benefits.  Although the
17 initial information that HEWT relayed to Mr. Ferguson provided the wrong
18 basis for its denial, ECF No. 25-6 at 52 (advising Mr. Ferguson that he
19 failed to elect retirement benefits before his last day of work), HEWT
20 ultimately advised Mr. Ferguson that he was unable to seek retirement
21 benefits because he failed to timely apply for such within twelve months
22 of the ROF and to maintain continuous life and medical insurance
23 coverage, *Id*. at 63.  Mr. Ferguson sought re-evaluation of his denied
24 application.  *Id*. at 69.  HEWT continued to deny his application.  *Id*. at
25 74-75.

26  ORDER - 6

On August 15, 2011, Mr. Ferguson filed this Complaint. ECF No. 1. In his Complaint, Mr. Ferguson asserts the following ERISA claims: 1) failure to disclose and provide complete and accurate information to Mr. Ferguson, 2) an inadequate summary plan description, 3) breach of fiduciary duty, and 4) failure to disclose the availability of HEWT's retiree life insurance and medical benefits. *Id*. On January 12, 2012, Defendants filed their summary-judgment motion. Mr. Ferguson opposes the motion and, alternatively, seeks leave to conduct discovery.

**B.   Standard**

To analyze a summary-judgment motion in an ERISA action, the Court does not apply the summary-judgment standards set forth in Federal Rule of Civil Procedure 56. *See Nolan v. Heald Coll.*, 551 F.3d 1148, 1154 (9th Cir. 2009) (recognizing that a motion for summary judgment is merely the conduit to bring the legal issue before the court and the usual summary-judgment tests do not apply). Instead the Court reviews the HEWT Board of Trustees' denial of Mr. Ferguson's claimed benefits for an abuse of discretion using an arbitrary or capricious standard. *See Bendixen v. Stan. Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999), *overruled on other grounds by Abatie v. Alta Health & Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006). Under this arbitrary or capricious standard, the Board of Trustees' decision will only be set aside if the Board definitely and clearly committed a mistake. *See Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011). When conducting this analysis, the Court is confined to the record before the Board of Trustees unless there is a supported allegation that the Board

ORDER - 7

of Trustees' decision was affected by a conflict of interest. *See Abatie*, 458 F.3d at 970.

Mr. Ferguson seeks leave to depose HEWT employees, including Ms. Milton, Lynn Ramos, and Heather Goldie-Baker, and to receive and review additional records to determine whether the Board of Trustees has a conflict of interest. The Court denies Mr. Ferguson leave to conduct this discovery because the plan documents clearly provide the Board of Trustees with the sole discretion to determine benefit eligibility, and Mr. Ferguson does not dispute that third parties provide the life insurance and medical insurance. Accordingly, there is no basis to allow discovery on the unsupported conflict-of-interest claim. Mr. Ferguson's motion is denied in this regard.

**C.   Authority and Analysis**

For the reasons given below, the Court concludes the Board of Trustees did not arbitrarily or capriciously deny Mr. Ferguson's claim for medical and life insurance benefits.

First, the ROF signed by Mr. Ferguson at the August 23, 2005 exit interview evidences that HEWT informed Mr. Ferguson of his ROF benefits through both the ROF information packet and the exit interview with Ms. Milton.

Second, Mr. Ferguson elected medical insurance and life insurance by signing the ROF form and writing a check for three months of coverage. He continued to make premium payments, and he had coverage for ten months following his termination. His coverage for these benefits ceased on August 23, 2006, due to his failure to continue to

ORDER - 8

make premium payments, and in October 2006, he was advised in writing that his benefits were terminated. Mr. Ferguson submits that he believed that only his medical benefits, not his life insurance benefits, were terminated. However, the pertinent documents in the record are explicit and clear; none support either that professed belief or any reasonable inference of it.

Third, because Mr. Ferguson's medical and life insurance premium payments ceased, he failed to satisfy the ROF post-retirement medical and life insurance eligibility requirement that he maintain continuous ROF insurance coverage.

Fourth, Mr. Ferguson did not elect such post-retirement benefits within twelve months of his August 2005 layoff.

Fifth, HEWT's retiree plans did not include a free $15,000.00 life insurance policy until December 2008. This was more than twelve months after Mr. Ferguson's August 2005 layoff.

For these reasons, the Court finds that Mr. Ferguson failed to establish that the Board of Trustees' denial of his claim for post-retirement medical and life insurance coverage was arbitrary or capricious. There is no evidence showing that the Board of Trustees failed to comply with the HEWT plan terms or breached a fiduciary duty. Accordingly, Defendants' summary-judgment motion is granted,[5] and Mr.

---

[5] Defendants ask the Court to award them their reasonable costs. However, they did not support this request with any legal authority. Accordingly, the Court does not consider this request at this time.

ORDER - 9

Ferguson's motion is denied.

**D. Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Mr. Ferguson's Motion for Partial Summary Judgment or, in the Alternative, to Continue, **ECF No. 49**, is **DENIED**.

2. Defendants' Motion for Summary Judgment, **ECF No. 22**, is **GRANTED**.

3. **Judgment** shall be entered in Defendants' favor **with prejudice**.

4. All pending motions and hearings are **STRICKEN**.

5 This file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this ___24th___ day of April 2012.

        s/ Edward F. Shea
        EDWARD F. SHEA
        United States District Judge

Q:\Civil\2011\5124.msj.lc1.frm

ORDER - 10